## Clay Dulin v. The State.

### No. 770.   Decided November 2, 1910.

### Rehearing Denied November 30, 1910.

**1.—Local Option—Conflict of Evidence—Question of Fact.**

Where, upon trial of a violation of the local option law, the evidence was conflicting as to the issue of a sale, and the jury settled the same adversely to defendant, there was no error.

**2.—Same—Charge of Court—Requested Charges.**

Where the court submitted the issue of a sale from the defendant to the purchaser in his main charge, and also in a requested instruction, there was no error in refusing other requested charges on the same subject.

**3.—Same—Argument of Counsel.**

Where, upon appeal, there was nothing in the record to show that the county attorney made the statement objected to, except as it appeared in the refused charge, the same could not be considered.

**4.—Same—Evidence—Bill of Exceptions.**

Where, upon appeal from a conviction of a violation of the local option law, the object and purpose of the rejected testimony did not appear in the bill of exceptions nor was its materiality shown, the same could not be reviewed.

**5.—Same—Bill of Exceptions—Practice on Appeal.**

Where upon appeal no grounds are stated in the bill of exceptions the same could not be considered.

**6.—Same—Practice on Appeal—Bill of Exceptions.**

Where the object and purpose of the testimony offered was not stated in the bill of exceptions, the same could not be considered on appeal.

**7.—Same—Evidence—Moral Turpitude—Fraudulent Disposition of Property.**

Upon trial of a violation of the local option law there was no error in permitting the State to show that the witness had been charged with fraudulent disposition of mortgaged property, in order to show moral turpitude of the witness.

**8.—Same—Bills of Exception.**

Where, upon trial from a conviction of a violation of the local option law, there was not sufficient merit in any of the bills of exception to require reversal, the judgment is affirmed.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Wm. J. Mathis,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law, his punishment being assessed at a fine of $25 and twenty days imprisonment in the county jail.

The evidence raised squarely the issue as to whether appellant sold to Taylor a bottle of whisky. Taylor so testified. Appellant introduced evidence that he did not. There are some contradictions and impeachment of the witnesses. The jury passed on all these matters and found in favor of the State's side of the issue of sale. This court would not be authorized to disturb their finding. There are quite a number of bills of exception.

1. Exception was reserved to the charge of the court, and quite a number of special instructions requested. One of these was given and the others refused. One of the defensive theories was that Taylor did not buy any whisky from appellant, but if he bought it at all he bought it from a negro. Another theory was that a man named Hash bought the whisky from a negro; that appellant did not sell Taylor whisky. The court charged the jury that if Hash and prosecuting witness Taylor went into a place on the east side of the square in Sherman and that the witness Hash bought whisky from a negro or from any other person in the place they could not convict the defendant for such sale, and that in order to convict the defendant the jury must believe, beyond a reasonable doubt, that he sold a bottle of whisky to the prosecuting witness, Bob Taylor. Appellant asked the following charge, which was given: "If you believe from the evidence that the substance involved in this transaction was purchased from defendant, Clay Dulin, but if you believe from the evidence that the same was purchased by John Hash, or if you have a reasonable doubt of this you will return a verdict of not guilty." The two charges sufficiently presented, and we might say aptly, the main question relied upon by appellant. The other special charges except one submitted the same question in different forms and were refused by the court. There was no error in this. It had been pertinently and sufficiently submitted in the two charges given, that given by the court as well as that requested by appellant.

2. Appellant requested the court to give a special charge to the effect that the jury disregard the statement of the county attorney made in the opening argument of the case, that defendant was running a joint on the east side of the square at the time of this transaction. This was refused. There is nothing to show that the county attorney made this statement except the statement in the refused charge. As it is presented we can not review it.

3. There are other bills of exception reserved to practically every charge given by the court as well as the refusal to give every requested instruction. All these matters are set out in various bills. There is a bill of exception which shows that after Taylor had testified,

in substance, on cross-examination, that he had eaten his dinner that day at Tobe Mitchell's house, and had come into Sherman with Tobe Mitchell after dinner, and that Tobe Mitchell walked while he, Taylor, rode on horseback, counsel then propounded the following interrogatory: "What kind of a horse were you riding?" Counsel for the State objected on various grounds, which was sustained by the court. The witness, had he been permitted to do so, would have answered that he "was riding a good horse," Witness further answered an additional question, without objection, "that it was about two miles from Tobe Mitchell's house to the square, and that he couldn't tell about how long it took him to come from Mitchell's house to the square, but that it didn't take long to ride the two miles." Counsel for appellant then propounded this question: "Did you ride in an ordinary gait?" On objection of the State this was excluded. The court stated that he would not permit it unless they were laying the predicate, and did sustain the objection. This bill further recites that after the witness had testified, in substance, that he had gone with John Hash into a house on the east side of the square in Sherman and John Hash had introduced him to the defendant, saying, "This is a friend of mine; he wants some whisky," and that the defendant had sold him some whisky, then counsel for the State propounded this question to the witness: "I want you to describe the place in there, Mr. Taylor; tell what was in there." Counsel for appellant objected on the ground that same was irrelevant, immaterial and did not tend to prove any issue in the case; whereupon the court made the following ruling: "I overrule the objections, except as to what he saw in there." Then appellant renewed the same objections to the question, except what witness saw in there, but these objections were by the court overruled, and witness answered: "In that house there was a restaurant on one side; there was something going on in the back room, but I didn't go back there; defendant was standing behind a counter—like a common bar counter—like a common bar counter they keep in a saloon." Appellant objected to the last statement of the witness that the counter was like a common bar counter like they keep in a saloon, on the ground that it was irrelevant, etc. Then counsel for appellant proposed the following question: "Did your horse trot, or walk, while you were coming into Sherman?" State's counsel objected to the witness answering, and the witness was not permitted to answer. Had the witness been permitted to answer he would have answered: "My horse came in a trot." What the object and purpose of introducing this character of testimony was is not stated in the bill, nor is the materiality of it shown by the bill. We are of opinion there is not sufficient importance about these matters to require a reversal of the judgment, and in fact there seems to be no merit in any of the contentions.

4. Another bill of exception recites that Taylor was permitted

to testify he thought there was a mirror in the room where he bought the whisky. No grounds of objection are stated.

5. Another bill recites that Taylor, on cross-examination, and after he had said that he had no recollection of talking to Mr. Simmons in a livery stable in Tom Bean about this case, counsel for appellant propounded to the witness the following question: "I will ask you if on a former trial of this case you didn't testify when asked about the conversation with Mr. Simmons at the livery stable in Tom Bean in substance as follows?: 'I talked to Mr. Simmons there. He asked me a few questions. He asked me something about this case. I talked a little bit, I reckon. I didn't go on to tell him about Hash buying the whisky.'" On objection by the State this was ruled out. Appellant expected to prove by him that he did so testify on a former trial. What the object and purpose of this testimony was is not stated in the bill. This renders the bill deficient and unnecessary to be considered.

5. The witness Burke, on cross-examination by the State, was asked if he had not been charged with fraudulent disposition of mortgaged property. Appellant objected to his answering this question because it was immaterial, irrelevant and not a proper method of impeaching witness. The court overruled the objection, and permitted witness to answer: "I had two cases of that kind in court once." As this matter is presented, we do not think there is error shown. Under our decisions, if this was offered for the purpose of impeaching the witness it was properly admitted. Fraudulent disposition of property carries with it such character of moral and legal turpitude as justifies the introduction of the charge for the purposes of impeachment.

6. There are some other bills of exception about of the same import, none of which we think are of sufficient importance for serious consideration. While the record shows numerous bills of exception reserved to the charge, and to the introduction of evidence such as indicated above, we are of opinion that there is not sufficient merit in any of them to require a reversal of the judgment. Therefore it is ordered to be affirmed.

*Affirmed.*

[Rehearing denied November 30, 1910.—Reporter.]